993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald E. EWING, Plaintiff-Appellant,
v.
PUBLIC DEFENDER OFFICE, OLATHE, KANSAS, Defendant-Appellee.
 No. 92-3438.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-appellant Donald E. Ewing appeals the district court's dismissal of his claim based on 42 U.S.C. § 1983. We grant Mr. Ewing leave to proceed in forma pauperis on appeal and affirm.
 
 
 2
 The district court dismissed Mr. Ewing's claim as one based on an indisputably meritless legal theory. See 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319 (1989). In reaching that conclusion, the district court's reliance on Tower v. Glover, 467 U.S. 914 (1984), was appropriate. The Court has held that "appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense." Id. at 920 (citing Polk County v. Dodson, 454 U.S. 312 (1981)). Thus, Plaintiff failed to allege "a conspiracy with state officials to deprive [him] of federal rights." Id.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3